THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES WILCOX, | CASE NO. C18-1756-JCC |
| Plaintiff, | ORDER |
| v. | |
| HAMILTON CONSTRUCTION, LLC, | |
| Defendant. | |

This matter comes before the Court on Plaintiff James Wilcox's motion for partial summary judgment (Dkt. No. 15). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

I. **BACKGROUND**

Plaintiff was employed by Defendant Hamilton Construction LLC, as captain of the tugboat Cosmic Wind. (Dkt. No. 17 at 1.) In February 2016, Plaintiff was injured while jumping between two boats owned and operated by Defendant. (Dkt. No. 1 at 2.) Plaintiff became trapped between the boats, suffering crush injuries to both of his legs. (*Id*.) As a result of his injuries, Plaintiff was unable to work for a period of approximately two months, and remains not yet fully cured. (Dkt. Nos. 1 at 3, 17 at 2–3.) Since the time of Plaintiff's injury, Defendant has made maintenance payments to him at a rate of $56.00 per day. (Dkt. No. 17 at 1–3.)

Plaintiff moves partial summary judgment, arguing that he is entitled to $103.00 per day

in maintenance. (*See* Dkt. No. 15.) Plaintiff alleges that $56.00 per day is insufficient to pay for his basic living expenses, which include food, utilities, and $2,300 mortgage payments for a house he shares with his wife. (*Id* at 1–2.) Defendant argues that it should only be required to pay $56.00 per day, as that is the reasonable cost of living for a seaman living alone in Plaintiff's locality. (Dkt. No. 17 at 2–3.)

## II. DISCUSSION

### A. Summary Judgment Legal Standard

The Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is genuine if there is sufficient evidence for a reasonable jury to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is material if the fact "might affect the outcome of the suit under the governing law." *Id.* At the summary judgment stage, evidence must be viewed in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in the nonmovant's favor. *Id.* at 255.

### B. Maintenance Payments

"Maintenance and cure are designed to provide a seaman with food and lodging when he becomes sick or injured in the ship's service; and it extends during the period when he is incapacitated to do a seaman's work and continues until he reaches maximum medical recovery." *Vaughan v. Atkinson,* 369 U.S. 527, 530 (1962). When there are ambiguities or doubts as to the application of maintenance, they are resolved in favor of the seaman. *See Warren v. United States*, 340 U.S. 523, 530 (1951). Whether Plaintiff is owed maintenance is not disputed here— only the amount is contested. (*See* Dkt. Nos. 15, 17.) In deciding the appropriate maintenance amount, the Court awards the plaintiff his actual costs incurred, as long as those costs do not exceed the reasonable costs incurred by a seaman living alone in the plaintiff's locality. *See Barnes v. Sea Haw. Rafting, LLC*, 889 F.3d 517, 539–40 (9th Cir. 2018). To determine the

appropriate amount, the plaintiff must first make a *prima facie* showing of his actual living expenses that were necessary to incur during the plaintiff's convalescence. *Id*. Once the plaintiff makes that showing, the burden shifts to the defendant to demonstrate that the plaintiff's actual expenses were unreasonable, based upon the average cost of a seaman living alone in the plaintiff's locality. *Id.*

*1. Plaintiff's Actual Expenses*

Plaintiff alleges that his living expenses total $3,100 per month, requiring a daily maintenance payment of $103.00. (Dkt. No. 15 at 2.) Plaintiff lives in a house with his wife in the Tahoe area of California. (*Id*. at 1.) His expenses include utilities, food, and a $2,300 mortgage. (*Id*.) The inclusion of mortgage payments when calculating actual living expenses is proper, because it is a payment that Plaintiff is required to incur for continued shelter. *See Hall v. Noble Drilling (U.S.) Inc*., 242 F.3d 582, 591 (5th Cir. 2001). Because Plaintiff's evidentiary burden is "feather light," *see Barnes*, 889 F.3d at 540, Plaintiff's statements and evidence (*see* Dkt. No. 15) are sufficient to meet his burden of proving his actual living expenses.

*2. Reasonableness of Expenses*

Because Plaintiff has met his *prima facie* burden, Defendant has the burden of proving that Plaintiff's expenses are unreasonable for a single seaman living alone in Plaintiff's locality. *Barnes,* 889 F.3d at 541. Defendant has presented evidence showing that the average living expenses for a single seaman in the Tahoe area are $56.00 per day. (Dkt. No. 17 at 7.) Plaintiff does not dispute the accuracy of this amount. (*See generally* Dkt. No. 23.) Instead, Plaintiff argues that Defendant makes no showing that $103.00 per day is unreasonable for someone *in Plaintiff's living situation*. (Dkt. No. 15 at 1.) For example, Plaintiff has presented evidence that $2,300 is a reasonable mortgage for a home such as Plaintiff's. (*Id*. at 10.)

But maintenance is not intended to cover the actual living expenses of injured seamen, regardless of their living situations. *See Walsh v. F/V ARCTIC BARUNA I,* Case No. C04-2453-JLR, Dkt. No. 28 at 6 (W.D. Wash. 2006) (holding that, as a matter of law, it is unreasonable to

require the defendant to pay the full extent of the plaintiff's mortgage payments, property taxes, and homeowner's insurance when the costs exceed the average costs of a seaman living alone in the plaintiff's locality). Though Plaintiff may include his mortgage payments when calculating his actual living expenses, he is not entitled to reimbursement of those costs if they exceed the costs of an average seaman living alone. *See Hall*, 242 F.3d at 591. Defendant has submitted evidence sufficient to show that the average cost of a seaman living alone in the Tahoe area is $56.00 per day.[1] Therefore, Defendant has met its burden of showing that Plaintiff's actual living expenses of $103.00 are unreasonable.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for partial summary judgment (Dkt. No. 15) is DENIED.[2]

DATED this 18th day of June 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] The highest maintenance rate Defendant was able to identify in California is $68.72. (Dkt. No. 17 at 8.) Defendant alleges that rates in California vary between $50.00 and $68.72, but that it was unable to find any rate as high as Plaintiff's requested rate of $103.00. (*Id.* at 9.) Plaintiff does not dispute this argument, or offer evidence of maintenance rates similar to his request.

[2] As Plaintiff is not the prevailing party, his requests for attorney fees and expenses (Dkt. No. 15 at 3–4) are DENIED.