THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES WILCOX, | CASE NO. C18-1756-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| HAMILTON CONSTRUCTION, LLC, | |
| Defendant. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Plaintiff's motion for reconsideration or, in the alternative, motion for clarification (Dkt. No. 25).

Motions for reconsideration are generally disfavored. W.D. Wash. Local Civ. R. 7(h)(1). Reconsideration is only appropriate where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* "'A motion for reconsideration should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly.'" *Premier Harvest LLC v. AXIS Surplus Ins. Co.*, Case No. C17-0784-JCC, Dkt. No. 61 at 1 (W.D. Wash. 2017) (quoting *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)).

MINUTE ORDER
C18-1756-JCC
PAGE - 1

Plaintiff has not come forward with any new facts or legal authority to show that the Court committed manifest error in its order on partial summary judgment. (*See* Dkt. No. 25.) Rather, Plaintiff repeats the standard correctly identified in the Court's order—that it is Defendant's burden to prove the unreasonable nature of Plaintiff's actual living expenses, which is determined by a "single seaman living alone" standard. (*See* Dkt. Nos. 24 at 3, 25.) Plaintiff's motion for reconsideration is DENIED.

However, Plaintiff's motion for clarification brings up an important error in the Court's order on partial summary judgment. The Court's order on partial summary judgment is worded in a way that makes it appear that, as a matter of law, Plaintiff's actual living expenses are unreasonable. (*See* Dkt. No. 24 at 4) ("Therefore, Defendant has met its burden of showing that Plaintiff's actual living expenses of $103.00 are unreasonable.") Instead, the order should have said that Defendant has submitted sufficient evidence to create a genuine dispute about whether Plaintiff's actual living expenses of $103.00 per day are unreasonable.

DATED this 2nd day of July 2019.

William M. McCool
Clerk of Court

s/Tomas Hernandez
Deputy Clerk

MINUTE ORDER
C18-1756-JCC
PAGE - 2